UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS C. MONIGAN,<br>　　　　Petitioner,<br>　　v.<br>S. SHERMAN, WARDEN,<br>　　　　Respondent. | Case No. 2:20-cv-00537-JVS (GJS)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

On September 16, 2010, Petitioner filed a 28 U.S.C. § 2254 habeas petition in another District, which thereafter was transferred to this District and assigned Case No. 2:10-cv-07663-JVS (OP) (the "First Petition"). The First Petition challenged Petitioner's conviction sustained in 2009, in Santa Barbara County Superior Court Case No. 1284146, and his related sentence (collectively, the "State Conviction"). On November 8, 2011, the First Petition action was dismissed without prejudice based on Petitioner's failure to exhaust his available state remedies. Petitioner did not appeal.

On January 23, 2014, Petitioner filed another Section 2254 habeas petition in this District, which was assigned Case No. 2:14-cv-00551-JVS (MAN) (the "Second Petition"). The Second Petition again challenged the State Conviction and raised claims alleging that counsel provided ineffective assistance and that Petitioner's

sentence was unconstitutional for various reasons, including a claim arguing that the sentence was extreme and grossly disproportionate to the underlying crimes and therefore violated the Eighth Amendment's prohibition on cruel and unusual punishments. On May 19, 2015, the Second Petition action was dismissed with prejudice on the ground that it was untimely. Petitioner did not appeal.[1]

Over four and a half years passed. Through this action, Petitioner has filed a third Section 2254 habeas petition challenging the State Conviction [Dkt. 1, "Petition"]. The instant Petition raises a single claim, namely, the claim previously raised in the Second Petition action that Petitioner's sentence is excessive and grossly disproportionate and therefore constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The dockets for the Ninth Circuit show that Petitioner has not sought permission from the Ninth Circuit to file the instant Petition, much less obtained leave to do so.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as of the dockets of the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

2

Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

In the Second Petition action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here and raised the same sentencing claim that he now asserts. The untimeliness of the Second Petition action "presents a 'permanent and incurable' bar to federal review," and the dismissal of the Second Petition action "constitutes a disposition on the merits" for purposes of Section 2244(b). *McNabb*, 576 F.3d at 1030 (citation omitted). The present Petition, thus, is second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord Murray v. Greiner*, 394 F.3d 78, 79 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

Whether or not the claim alleged in the Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the Petition. This Court therefore lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 I.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in

3

| | |
|---|---|
| 1 | the United States District Courts, the Court has considered whether a certificate of |
| 2 | appealability is warranted in this case.  See 28 U.S.C. § 2253(c)(2); *Slack v.* |
| 3 | *McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of |
| 4 | appealability is unwarranted, and thus, a certificate of appealability is DENIED. |
| 5 |     IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition |
| 6 | to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a). |
| 7 |     **IT IS SO ORDERED.** |
| 8 | |
| 9 | DATED: January 31, 2020 |
| 10 | |
| 11 |                               JAMES V. SELNA<br>                              UNITED STATES DISTRICT JUDGE |
| 12 | |
| 13 | PRESENTED BY: |
| 14 | |
| 15 | _____ |
| 16 | GAIL J. STANDISH<br>UNITED STATES MAGISTRATE JUDGE |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |